# EXHIBIT "i"

# EXHIBIT "i"

Electronically Filed
6/15/2017 9:56 AM
Steven D. Grierson
CLERK OF THE COURT

FAC
Alex J. De Castroverde
Nevada Bar No. 6950
Orlando De Castroverde
Nevada Bar No. 7320
**DE CASTROVERDE LAW GROUP**
1149 South Maryland Pkwy
Las Vegas, NV 89104
Tel: 702.964.1747
Fax: 702.383.8741
Email: alex@decastroverdelaw.com
Email: orlando@decastroverdelaw.com
Attorney for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA M. CASTELAN-GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>BODEGA LATINA CORPORATION d/b/a EL SUPER; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO.: A-17-755831-C<br>DEPT NO.: 27<br><br>**FIRST AMENDED COMPLAINT** |

Comes Now, Plaintiff MARIA M. CASTELAN-GUTIERREZ, by and through her attorneys of record, Alex De Castroverde and Orlando De Castroverde, and complains against Defendant as follows:

### Jurisdiction

1. All the events alleged in this Complaint took place in Clark County, Nevada.

2. Plaintiff, MARIA M. CASTELAN-GUTIERREZ, is, and at all times mentioned in this Complaint was, a resident of Clark County, Nevada.

3. Upon information and belief, Defendant, BODEGA LATINA CORPORATION d/b/a El Super ("Defendant"), is, and at all times mentioned in this Complaint was, a foreign corporation doing business in Clark County, Nevada.

1

4. The true names and capacities of the Defendants DOE I through X and the Defendants ROE I through X are unknown to Plaintiff at this time. Therefore, Plaintiff sues these Defendants by such fictitious names and when their true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff believes each of these Defendants designated as a DOE or ROE is responsible in some manner for the injuries and damages suffered by Plaintiff.

### Specific Allegations

5. On or about July 17, 2016, Plaintiff was a patron at El Super, located at 4610 W. Sahara Avenue, Las Vegas, Nevada 89102.

6. While walking in the meat department, Plaintiff slipped on a wet substance on the floor and fell.

7. Upon information and belief, the wet substance on the floor was water.

8. The water had leaked from a refrigerator in the meat department.

9. There were no signs or other objects warning of the wet substance.

10. As a result of the slip and fall, Plaintiff suffered bodily injury, pain and suffering.

11. There have been forty-two (42) lawsuits filed since 2011 against Defendants for premises liability.

12. This demonstrates a poor safety culture and that Defendant's flooring may not be appropriate for its intended use.

### First Cause of Action - Negligence

13. Plaintiff re-alleges paragraphs 1 through 10 as though fully set forth herein.

14. Defendant owed Plaintiff a duty to maintain its premises in a reasonably safe condition and to warn customers of dangerous conditions.

15. By creating or permitting a dangerous condition to exist on its premises and not warning of such condition, Defendant breached that duty.

1  16.  As a proximate result of that breach, Plaintiff has suffered damages, which
2       include but are not limited to bodily injury, past and future medical specials, past
3       and future pain and suffering, and mental anguish.
4  Second Cause of Action – Negligent Hiring, Training, Supervision, and Retention
5  17.  Plaintiff re-alleges paragraphs 1 through 15 as though fully set forth herein.
6  18.  Defendant had a duty to adequately hire, train, supervise, and retain its
7       employees and/or other persons and/or entities responsible for the inspection of
8       the Property to ensure that a safe environment was provided for its invitees
9       and/or licensees.
10 19.  Defendant breached its duty in that it did not to hire responsible employees, did
11      not train its employees to keep the premises safe for customer use, did not
12      supervise its employees, and retained employees that displayed unsafe
13      practices.
14 20.  These failures led to Defendant's employees not recognizing a slip and fall
15      hazard, not remedying the hazard, and not warning customers of the hazard.
16 21.  These failures proximately led to Plaintiff's slip and fall and resulting injuries.
17       Third Cause of Action – Vicarious Liability/Respondeat Superior
18 22.  Plaintiff re-alleges paragraphs 1 through 20 as though fully set forth herein
19 23.  Employers, masters, and principals are vicariously liable for the torts committed
20      by their employees, servants, and agents if the tort occurs while the employee,
21      servant or agent was acting in the course and scope of employment.
22 24.  Accordingly, pursuant to N.R.S. 41.130, Defendant is vicariously liable for the
23      damages caused by its employees' actions and negligence, further
24      encompassing the actions of those hired by Defendant to maintain the premises
25      and equipment. N.R.S. 41.130 states as follows:
26 ///
27 ///

Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

25. Defendant was the employer, master, and principal of the remaining Defendants and other employees, agents, independent contractors and/or representatives who negligently did not inspect, maintain, or warn of dangerous conditions in and about the common walkways on the property.

///

///

///

## Conclusion

Plaintiff has been required to retain the services of an attorney to prosecute this action.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint, prays for judgment against Defendant as follows:

1. General damages in excess of $15,000;
2. Special damages in excess of $15,000;
3. Attorney's fees and costs;
4. Interest at the statutory rate; and
5. For such other and further relief as the Court deems just and proper.

DATED this 15 day of June, 2017.

DE CASTROVERDE LAW GROUP

By: _____
Orlando De Castroverde
Nevada Bar No. 7320
Alex De Castroverde
Nevada Bar No. 6950
Kimberly Valentin
Nevada Bar No. 12509
1149 S. Maryland Parkway
Las Vegas, Nevada 89104
Attorneys for Plaintiff